1 Borham Stipulation Bankruptcy Case # 18-12591/AMC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Kelly A. Borham,<br>　　Debtor. | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper,<br>　　Movant,<br>v.<br>Kelly A. Borham,<br>　　Debtor,<br><br>William C. Miller, Trustee,<br>　　Additional Respondent. | BANKRUPTCY CASE NUMBER<br>18-12591/AMC<br><br>11 U.S.C. § 362 |

**STIPULATION AND ORDER**

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1.　This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2.　The post-petition arrearages on the mortgage held by Movant on Debtor's property at 4 Nassau Boulevard, Prospect Park, PA 19076 (the "Property"), are $3,071.50. The breakdown of the arrears is as follows:

Sheriff's sale fees and costs                                                                                           $3,071.50

3.　If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4.　Debtor shall cure the arrearages in the following manner:

(a)　The balance of the arrears, to-wit, $3,071.50, shall be cured by the Debtor in twelve (12) consecutive payments commencing on September 1, 2018. The Debtor shall pay the sum of $255.95 for eleven (11) consecutive months. The Debtor shall pay the twelfth (12th) and final

2 Borham Stipulation Bankruptcy Case # 18-12591/AMC

payment of $256.05 to cure the arrears on August 1, 2019; until the arrears are cured, together with the regular monthly mortgage payment.

(b)    Debtor shall resume making the regular monthly mortgage payments on September 1, 2018 in the amount of $1,381.38, or as same may be adjusted from time to time in accordance with Paragraph (e);

(c)    If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(d)    All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, Nationstar Mortgage LLC d/b/a Mr. Cooper, at P.O. Box 619094, Dallas, Texas 75261-9741;

(e)    Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

5.    In the event that Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

6.    In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a

3 Borham Stipulation Bankruptcy Case # 18-12591/AMC

Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

7. After Movant sends two (2) Notices of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a third Notice of Default.

8. Debtor understands that should Movant be forced to provide a written Notice of Default of this Stipulation, that Debtor shall be responsible for any reasonable attorney fees of $100.00 per Notice of Default and $200.00 per Certification of Default incurred by Movant as a result of preparation of same.

9. Debtor agrees that the Court may waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 9/4/18

Kevin S. Frankel, Esquire
Attorney for Movant

Dated: 8/31/18

Brad J. Sadek, Esquire
Attorney for Debtor

Dated: 9-4-18

JACK William C. Miller
Trustee

No objection

AND NOW, this _____ day of _____, 2018, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

**Date: September 6, 2018**

HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE